UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JERRY A. SMITH,

    Plaintiff,

    v.                               CAUSE NO. 3:23-CV-217-DRL-MGG

JOHN GALIPEAU *et al.*,

    Defendants.

## OPINION AND ORDER

Jerry A. Smith, a prisoner without a lawyer, filed a complaint against twenty-seven defendants. ECF 1. Soon after, he amended his complaint and named *eighty-nine* defendants. ECF 5. Neither of these complaints used this court's *pro se* prisoner complaint form. Mr. Smith then filed various documents that appeared to be an attempt to amend or supplement his complaint. *See* ECF 13; ECF 15-16; ECF 19-23; ECF 26-27.

The court explained that Mr. Smith must use this court's Pro Se 14 (INND Rev. 2/20) Prisoner Complaint form. ECF 32. The court also explained that he can't amend by interlineation. *Id.* Mr. Smith was given an opportunity to file a single, complete, amended complaint using the correct form. He was reminded that a complaint is meant to be a *short and plain* statement. He was cautioned that he wouldn't be permitted to sue different defendants based on unrelated events in a single lawsuit.[1]

---

[1] These are all things that Mr. Smith has been told before. *See* 3:22-CV-402 (orders dated May 24, 2022, and July 1, 2022); 3:23-CV-371-JD-JPK (order dated August 3, 2023).

Mr. Smith continued to file various letters and documents with the court. ECF 33-38. On September 5, 2023, he filed his second amended complaint. ECF 39. The second amended complaint names *ninety-three* defendants. After the second amended complaint was filed, Mr. Smith filed more letters, documents, and motions. ECF 40-44; ECF 46-63.

On October 10, 2023, this court admonished Mr. Smith that neither the clerk nor the assigned judges are his pen pals; the court's role is to rule on requests contained in motions, not review letters or documents that are unrelated to motions.[2] ECF 64. The court explained that, if Mr. Smith wants a copy of the docket sheet or ledger, he may write the clerk and request a copy. He was told that any other request Mr. Smith has of the court must be presented in the form of a motion which clearly and concisely states the relief he is seeking and the reason he believes he is entitled to the relief sought. Mr. Smith was instructed to stop filing duplicate copies of documents. He was reminded that a complaint must be complete in and of itself, and that the extra information he provided won't be considered by the court in screening his amended complaint. Finally, Mr. Smith was instructed to wait patiently until the amended complaint was screened. ECF 64.

Fourteen days later, Mr. Smith filed a motion for preliminary injunction, a motion for leave for postponement, a motion for leave, and a motion to take depositions from incarcerated individuals. ECF 67-70. He also filed additional documents. ECF 71-72.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal

---

[2] This has previously been explained to Mr. Smith. *See* 3:22-CV-403-DRL-MGG (orders dated July 1, 2022, July 22, 2022, and August 30, 2022).

pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Smith alleges that the ninety-three individuals and entities named in his complaint engaged in retaliation and a racketeering conspiracy in violation of the Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. § 1964(c). The allegations are wide-ranging and presented in a manner that is confusing. He refers to various assaults without providing details about when or what occurred. ECF 39 at 5, 8. He complains about the conditions at the prison. *Id.* at 7. He complains about unlawful debt. *Id.* at 5-6, 8, 11. He complains about officers trafficking drugs, stealing drugs from offenders, and committing murder. *Id.* at 5, 7, 12-13. He complains about disciplinary charges that he believes are unfounded and lost credit time he wants restored. *Id.* at 6, 7. He complains that he was forced to go to the hospital against his will. *Id.* at 7. He also claims he was denied medical care. *Id.* He complains about a lack of access to the courts and mail interference. *Id.* at 9. He seeks his immediate release, termination of staff, criminal charges against staff, and compensatory and punitive damages. *Id.* at 15.

Upon review, it is apparent from the complaint that Mr. Smith lost good-time credits in one or more disciplinary proceeding. He can't challenge those guilty findings in this civil rights action, and instead, his remedy is through habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973); *see also Alexander v. Rasmussen*, 725 F. App'x 418, 420

3

(7th Cir. 2018) (observing that prisoner must use habeas corpus to challenge disciplinary proceeding if the sanctions imposed "included the loss of good-time credits").

To the extent Mr. Smith's allegations survive this barrier, they fail to state a claim for retaliation. Mr. Smith claims generally that he was retaliated against for bringing prior lawsuits. To state a First Amendment retaliation claim, an inmate must allege: "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the [defendant's] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotations and citation omitted). Filing a lawsuit qualifies as protected activity for purposes of a First Amendment claim. *Holleman v. Zatecky*, 951 F.3d 873, 879 (7th Cir. 2020). However, Mr. Smith hasn't specifically alleged that any individual defendant engaged in a specific retaliatory act that was linked to the filing of a specific lawsuit.

His allegations likewise fail to state a claim for relief under 18 U.S.C. § 1964(c). The RICO statute provides a civil cause of action for individuals who are injured by the "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Menzies v. Seyfarth Shaw LLP*, 943 F.3d 328, 336–37 (7th Cir. 2019) (citations omitted). To plead a pattern of racketeering activity, the plaintiff must allege a relationship between the predicate acts, as well as a threat of continuing activity, known as the "continuity plus relationship" test. *Id.* The plaintiff must plead each of these elements to state a claim. *Id.* The pleading requirement is "designed to forestall RICO's use against isolated or sporadic criminal activity, and to prevent RICO from becoming a surrogate for garden-

4

variety fraud actions properly brought under state law." *Id.* (citations and quotations omitted).

Mr. Smith falls far short of pleading these elements. He doesn't plausibly allege the existence of a racketeering enterprise between the ninety-three defendants or a pattern of criminal racketeering activity. He makes repeated reference to an "unconstitutional federal game" that he won't play. ECF 39 at 5, 6, 13, 14. He references "dominoe phones" without explaining what he is referring to. *Id.* at 6. He repeatedly refers to demons and angels. *Id.* at 5, 7, 13. He references "demon language" used to "hinder [him] from getting the phone, food, or shower because [he] was staying clean off drugs doing the right thing." *Id.* at 7. He talks about "Black Magic Religion." *Id.* at 10. He claims an officer implanted him with something – it's unclear what. *Id.* at 8, 13. He says he was "forced to do audio & visual GTL movies," and that he has "seen several movies on the GTL that was duplicates with [his] name and certain scenes as if [he] was famous actors." *Id.* at 13. He says there was a delay in providing him with a GTL tablet and when he received it, it was a "magic tablet" where the facility and others had control of it through the "unconstitutional fed games." *Id.* at 14. He claims he has "seen inmate faces on the TV for college games as if it was part of their audio, visual advanced technology program making me a controller, not being part of it, but around it." ECF 39 at 14. This is not the type of conduct encompassed within the civil RICO statute. In fact, his allegations are bizarre.[3]

---

[3] This is not Mr. Smith's first frivolous lawsuit. A case with similarly bizarre allegations was dismissed as frivolous on August 30, 2022. *Smith v. Galipeau*, 3:22-CV-403-DRL-MGG (N.D. Ind.

Though not all of Mr. Smith's allegations are factually impossible, collectively they "are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Therefore, this case will be dismissed as frivolous, and the Motion for Preliminary Injunction, Motion for Leave for Postponement, Motion for Leave, and Motion to Take Depositions (ECF 67-70) will be denied. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002) (affirming dismissal of complaint as frivolous where the plaintiff alleged that over a span of three years, multiple guards at three different prisons left his cell door unlocked at night while he was sleeping so that other inmates could come in his cell and assault him); *see also Schottler v. Wisconsin*, 388 Fed. Appx. 547 (7th Cir. Jul. 28, 2010) (affirming dismissal of complaint as frivolous, where plaintiff alleged that someone had inserted a metal pin in his head and various state officials and police officers had purposely ignored his pleas for help); *Lawrence v. Interstate Brands*, 278 Fed. Appx. 681, 684 (7th Cir. May 22, 2008) ("Lawrence's allegations—that the Illinois legal system is controlled by the Ku Klux Klan and that a vast network composed of lawyers, judges, and his former employers have conspired over the past 20 years to deny him equal protection of the laws, harass him on the basis of his race, and defraud him—are frivolous under this standard.").

Though it is usually necessary to permit a plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), that is unnecessary where the amendment would be futile, *Holland*

---

filed May 19, 2022), dismissed Aug. 30, 2022, pursuant to 28 U.S.C. § 1915A because it was frivolous.

6

*v. City of Gary*, 503 F. Appx. 476, 477–78 (7th Cir. 2013) (amendment of complaint with fantastic and delusional allegations would be futile); *see also Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). It's likely medical providers at the Westville Correctional Facility already know about Mr. Smith's concerns, but if they don't, it's important for them to see the amended complaint so they can provide him with whatever counseling and mental health treatment may be appropriate.

For these reasons, the court:

(1) DENIES Mr. Smith's motions (ECF 67; ECF 68; ECF 69; ECF 70);

(2) DISMISSES this case pursuant to 28 U.S.C. § 1915A because it is frivolous; and

(3) DIRECTS the clerk to send a copy of this order and the amended complaint (ECF 39) to the Warden of the Westville Correctional Facility so it can be passed along to medical providers at the prison.

SO ORDERED.

October 30, 2023                                      *s/ Damon R. Leichty*
                                                      Judge, United States District Court